UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0017 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| CRAIG LESLIE ANDERSON, | |
| Defendant. | |

Craig Leslie Anderson, defendant pro se.

Defendant Craig Anderson was convicted of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On October 21, 2010, the Court sentenced Anderson to 45 months in prison and 3 years of supervised release.  Anderson's appeal of his conviction and sentence are currently pending before the United States Court of Appeals for the Eighth Circuit.

This matter is before the Court on Anderson's pro se motions for leave to file an immediate 28 U.S.C. § 2255 motion and for appointment of counsel.  (Anderson is represented by court-appointed counsel on appeal, but wants court-appointed counsel to help him file a § 2255 motion.)  In the alternative, Anderson moves for release pending appeal.  Anderson's motions are denied.

Ordinarily, a district court should not entertain a § 2255 motion while a direct appeal is pending.  *See United States v. Jagim*, 978 F.2d 1032, 1042 (8th Cir. 1992) ("Because Ziebarth filed this motion while his direct appeal was pending before this Court, the District Court properly dismissed the section 2255 motion as prematurely filed.").  Some courts recognize an exception to this general rule in "extraordinary circumstances."  *United States v. Prows*, 448 F.3d

1223, 1228 (10th Cir. 2006).  At a minimum, for the "extraordinary circumstances" exception to

apply, there must be no overlap between the issues on direct appeal and the issues raised by the

§ 2255 motion.  *See id.* at 1229 (finding "extraordinary circumstances" in light of several factors,

including "the complete dichotomy between the issues raised by the government on direct appeal

and those raised by Mr. Prows in his § 2255 motion").  Moreover, because a § 2255 motion is not

a substitute for a direct appeal, *see Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995), a

defendant cannot raise issues in a § 2255 motion that he could raise in his pending appeal, *see*

*Prows*, 448 F.3d at 1229.

Anderson intends to raise two claims for relief in his § 2255 proceeding:  First, he intends

to argue that his sentence should be reduced to time served so that he can spend time with his

parents, who are elderly and infirm.  Second, he intends to argue that he received ineffective

assistance of counsel because his counsel overlooked a piece of evidence concerning the

underlying state felony offense that served as the predicate for his federal offense.  Neither of

these claims are appropriate for review in an immediate § 2255 proceeding.

The propriety of Anderson's sentence under 18 U.S.C. § 3553 and the Sentencing

Guidelines, and whether this Court properly weighed all of the factors (including Anderson's

family circumstances) in determining Anderson's sentence, are clearly matters for direct appeal.

Anderson has informed this Court on countless occasions that his parents are elderly and infirm.

That was one of many factors that this Court took into account in giving Anderson a sentence

that was about half of the length sought by the government and that was considerably below the

bottom of the range recommended by the Sentencing Guidelines.  If Anderson believes that he

should spend even less time in prison for his crime because his parents are elderly and infirm, he can make that argument on direct appeal.

As for Anderson's argument concerning ineffective assistance of counsel, Anderson seems to be arguing one of two things:  (1) that the overlooked evidence (a portion of a transcript from his state sentencing proceedings) proves that he was not in fact prohibited from possessing ammunition under state law, or (2) that the evidence proves that he did not know that he was prohibited from possessing ammunition under federal law.  Either way, this evidence is irrelevant.

It does not matter whether Anderson was prohibited from possessing ammunition under *state* law.  He was prohibited from possessing ammunition under *federal* law, and that is the offense of which he was convicted.  *See* 18 U.S.C. § 922(g)(1).

It also does not matter whether Anderson *knew* that he was prohibited from possessing ammunition under federal law.  As the Court instructed the jury, the law is clear that, to obtain a conviction under 18 U.S.C. § 922(g)(1), the government needed to prove only that Anderson knew that he possessed ammunition, and not that Anderson knew that possessing ammunition was unlawful.  *See* Docket No. 56 at 11; *United States v. Menteer*, 350 F.3d 767, 773 (8th Cir. 2003) ("all the government had to prove in this case was that Menteer knew he possessed a firearm; the government did not have to prove Menteer knew it was illegal to do so"), *vacated and remanded on other grounds*, 544 U.S. 916, *reinstated*, 408 F.3d 445 (2005).  Anderson is free to argue on appeal that that instruction was erroneous.

Moreover, at the time that it sentenced Anderson, this Court stated its belief that

Anderson did not know that he was forbidden to possess ammunition.  *See* Docket No. 95 at 44-

45.  That, too, was one of many factors that the Court took into account in giving Anderson a

sentence that was dramatically lower than the sentence recommended by the government and the

Sentencing Guidelines.  Further evidence of a contention that the Court already accepted would

obviously have made no difference to Anderson's sentence.  The Court therefore denies

Anderson's motion for leave to file an immediate § 2255 motion.

Anderson also moves, in the alternative, for release pending appeal.  Anderson plainly

does not qualify for such release under 18 U.S.C. § 3143(b), which requires, among other things,

that the appeal raise a substantial question of law or fact that is likely to result in one of the

following: (1) reversal, (2) an order for a new trial, (3) a sentence that does not include a term of

imprisonment, or (4) a reduced sentence that is less than the total of time already served plus the

expected duration of the appeal process.  Having presided over the trial and the sentencing, and

having reviewed the record for purposes of ruling on Anderson's motion for acquittal, the Court

is satisfied that Anderson was properly convicted and sentenced and that he is not likely to

prevail on any issues in his appeal.  Accordingly, his alternative motion for release pending

appeal is denied.

Given that Anderson's motion is meritless in all respects, the Court will deny his motion

for court-appointed counsel.

ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED

THAT:

1.     Defendant's motion to obtain court-appointed counsel [Docket No. 96] is

    DENIED.

2.     Defendant's motion for leave to file immediate § 2255 petition and/or release

    pending direct appeal [Docket No. 97] is DENIED.

3.     To the extent a certificate of appealability is necessary under 28 U.S.C.

    § 2253(c)(1)(B) for defendant to appeal this order, no certificate of appealability

    will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: July  8 , 2011                 s/Patrick J. Schiltz
                                           Patrick J. Schiltz
                                           United States District Judge